# UNITED STATES DISTRICT COURT
## Eastern District of Texas
## Lufkin Division

| | | |
|---|---|---|
| JAMES B. LUSHBAUGH | § | CASE NUMBER: 9:19-CV-75 |
| | § | |
| | § | |
| V. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| JOHN MALONE, PLLC | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**Preliminary Statement**

1. Plaintiff James B. Lushbaugh ("Plaintiff" and/or "Lushbaugh") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA.

2. Defendant, John Malone, PLLC ("Malone") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on an automobile deficiency. John Malone, PLLC does not have a surety bond to engage in debt collection activities in Texas on file with the Texas Secretary of State. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and said obligation was incurred primarily for personal, family, or household purposes.

### JURISDICTION AND VENUE

4. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.,* against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337(a), and 1367.

6. The venue is proper in the United States District Court for the Eastern District of Texas, Lufkin Division because the acts and transactions occurred in this district and the Defendant transacts business in this district.

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant, Malone, is a collection law firm with an office in Waco, Texas and is in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of Malone's business is the collection of consumer debts using the mail and telephone. Malone has debts placed with them for collection after they are already in default. As such, Malone is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Plaintiff, James B. Lushbaugh, is an individual who reside in Angelina County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

10. John Malone, PLLC attempted to collect from Mr. Lushbaugh a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. On or about February 19, 2019, Malone sent a collection letter to Mr. Lushbaugh, hereinafter referred to as "The Collection Letter". A copy of the letter is attached hereto as Exhibit "A".

12. The FDCPA requires a mandatory initial validation notice as an informal dispute mechanism. 15 U.S.C. § 1692g. The validation notice provides the consumer a 30

day period in which to act. It must not shorten the time period the consumer has to dispute the debt nor give misleading information as to how to make the dispute.

13. Defendant is subject to strict liability for sending an initial collection letter to Plaintiff which impermissibly shortened the time the consumer had to make a dispute.

14. The Collection Letter states in relevant part:

> Unless you notify us within thirty (30) days after receipt of the letter to which this is attached, that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.
> …
>
> We may proceed with the action outlined in the letter against you without waiting the thirty (30) days, if so requested by our client.

15. This misstates the consumer's right.

16. The FDCPA, at 15 U.S.C. § 1692g(a) requires a debt collector to include in its initial communication to the debtor, among other things, a statement that the debtor my dispute and seek validation of the alleged debt from the debt collector. 15 U.S.C. § 1692g(a). § 1692g of the Act goes on to state that:

> If the consumer notifies the debt collector in writing within the 30 day period as described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b)

17. Defendant's statement limits improperly the time a consumer may request verification of the debt by stating that the Defendant must "notify us" within the thirty (30) days of the consumer's receipt of the letter.

18. The debt collector does not have to receive a verification request within 30 days for the consumer's request to be valid and timely. Rather, the consumer must send

the written request within 30 days of receiving the letter with the notice of the consumer right to verification.

19. Defendant's characterization, "Unless you notify us" further compounds the damage of the impermissibly shortened time frame in which to respond because a consumer who believes there is insufficient time for a letter to be received within the 30 days may attempt to request verification over the phone, which does not trigger the verification right.

20. The Collection Letter also states as follows:

Because of the necessity of retaining this firm to collect this debt, payment in the additional amount of $144.23 as attorney's fees must also be tendered by you at this time. Demand is made for the payment of the sum of $8,222.45 on or before 10 days from the date of this letter.
Your failure to make such payment, or to make some satisfactory arrangements for a payout of this debt, will result in a collection action to include the unpaid debt, attorney's fees and court cost.

21. This also misstates the consumer's right.

22. Defendant's demand for payment within 10 days from the date of the letter further limits improperly the time that a consumer may request verification of the debt.

23. The foregoing acts and omissions of the Defendant was undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

24. The foregoing acts and omissions of the Defendant was undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

25. All of the Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in its collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CAUSES OF ACTION

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. § 1692 et seq.

26. The Plaintiff repeats realleges and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. By shortening the time the consumer has to dispute the debt, in violation of 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act amongst others.

27. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

Respectfully submitted,

Ciment Law Firm, PLLC

/s/ Daniel J. Ciment
Daniel J. Ciment
Texas Bar No. 24042581
24275 Katy Freeway, Suite 400
Katy, TX 77494
833-663-3289 – phone
855-855-9830 – fax
Daniel@CimentLawFirm.com
ATTORNEY FOR PLAINTIFF